### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STANLEY L. BOOTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-1153-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's credibility determination, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.   Background**

Plaintiff applied for SSD and SSI, alleging disability beginning March 4, 2009. (R. 22, 208-26). In due course, Plaintiff exhausted proceedings before the Commissioner,

and now seeks judicial review of the final decision. He alleges the Administrative Law Judge (ALJ) erred in evaluating the medical opinions, and in evaluating the credibility of Plaintiff's allegations of symptoms resulting from his impairments.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ relied upon Plaintiff's alleged non-compliance with recommendations from his treating physicians without first applying the test to determine whether there was a justifiable excuse for the non-compliance.  Because this error requires a finding that the ALJ erred in his credibility determination, and because the court's review of a credibility determination is deferential, the court will not address the other errors alleged in the credibility determination.  Moreover, because a renewed credibility determination necessitates a new RFC assessment, the court will not address the errors alleged in evaluating the medical opinions.  Plaintiff may make each of those arguments to the Commissioner on remand.

## II.     Discussion

Plaintiff claims the ALJ erred in evaluating the credibility of his allegations of symptoms.  He argues this is so because the ALJ relied too extensively on the fact that objective medical testing does not support Plaintiff's allegations, because the ALJ improperly relied upon limited daily activities, and because the ALJ improperly relied upon Plaintiff's alleged non-compliance with recommendations from his treating physicians.  (Pl. Br. 16-17).  The court notes that determination of the third alleged error is dispositive of this case, and it will not address the remaining two alleged errors.  With regard to Plaintiff's third allegation of error, the Commissioner argues that a claimant's refusal to follow recommended treatment is a valid consideration in evaluating the

credibility of his allegations. (Comm'r Br. 8). She notes that Plaintiff declined the proffer of a referral to the Veteran's Administration's (VA) weight management program and declined smoking cessation medications despite his doctor's advice to stop smoking, and argues that the "ALJ found that such evidence suggests that Plaintiff's symptoms either did not persist or were not as bothersome as alleged." Id. at 9 (citing R. 31).

While the court acknowledges both that refusal to loose weight might suggest that limiting symptoms resulting from obesity are not as severe as alleged, and that refusal to stop smoking might suggest that pain is not as limiting as alleged, the law requires that before an ALJ may rely upon such inferences, he must determine whether the claimant's refusal was justifiable. Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987);[1] 20 C.F.R. §§ 404.1530, 416.930; Soc. Sec. Ruling (SSR) 96-7p West's Soc. Sec. Reporting Serv., Rulings 140 (Supp. 2013). The Tenth Circuit has explored the interplay between the requirement for a claimant to follow prescribed treatment and an ALJ's consideration of a failure to follow prescribed treatment when addressing the credibility of a claimant's allegations of disabling symptoms. In Frey the court stated what has become known as "the Frey test:" "In reviewing the impact of a claimant's failure to undertake treatment, . . . [the court] consider[s] four elements: (1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the

---

[1] Plaintiff's Brief cites Teter v. Heckler, 775 F.2d 1104, 1107 (10th Cir. 1985) as the source of the test to determine whether refusal to follow prescribed treatment is justified. While Teter articulated the test which was used in Frey, the Frey court was the first in the Tenth Circuit to apply the test in the context of a credibility determination.

5

treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse." Frey, 816 F.2d at 517.

Here, the record shows no attempt by the ALJ to determine whether plaintiff's refusal to follow recommended treatment was justifiable.  That is error requiring remand for a proper consideration of the credibility of Plaintiff's allegations of symptoms.

In a proper case, the failure to apply the Frey test may be harmless.  Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004); Dorrough v. Colvin, No. 12-4025-JWL, 2013 WL 4766804 (D. Kan. Sept. 4, 2013)).  The Commissioner does not argue that the error here was harmless.  Moreover, because Plaintiff alleges two other errors in the Commissioner's credibility determination, and because the court's review does not find the evidentiary support for that determination beyond question, the court cannot find that the error here was harmless.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 25th day of July 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**